UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FRANK EMANUEL MICHAEL                                                      PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:08-cv-8 DPJ-JCS

CAROLE DAVIS ET AL.                                                       DEFENDANTS

<u>ORDER</u>

This matter is before the Court on Defendant Jim Hood's motion to dismiss [14];

Plaintiff's motion for judgment on the pleadings [31]; and Defendants Allen Phillips, Carole

Davis, and Susan McCarty's motions to dismiss or alternatively for summary judgment [38, 42,

46, 51, 53, 55].  Defendants Phillips, Davis, and McCarty have also moved for Rule 11 sanctions

[40, 44, 48].  Having considered the parties' submissions and applicable authority, the Court

finds that Plaintiff's motion should be denied and that Defendants' dispositive motions should be

granted.  The motions for sanctions are denied.

I.      **Facts and Procedural History**

        Plaintiff claims that state court criminal proceedings against him were constitutionally

invalid, primarily for lack of notice and the lack of a stenographer.  More specifically, on May

21, 2006, Plaintiff Frank Emanuel Michael was cited by the Madison County Sheriff's

Department for driving with a suspended license, driving under the influence, and possession of

marijuana.  Plaintiff's initial appearance was set for August 29, 2006, before the Justice Court of

Madison County ("Justice Court").  The Justice Court mailed three notices of this hearing on

May 30, 2006 to the address listed on Plaintiff's driver's license.

        Plaintiff attended his initial appearance in August 2006, at which the clerk, Defendant

McCarty, informed him that his case was set for hearing on March 1, 2007.  The Justice Court

confirmed this date by mailing three individual notices to the address on Plaintiff's driver's license. Although Plaintiff fails to cite a reason for the discrepancy, it appears Plaintiff did not reside at the address provided on his driver's license and did not receive the mailed notices. Nevertheless, Plaintiff admitted in his Petition of Removal that he was "told by the clerk during his initial appearance a court date was set for March 1, 2007." *Id*. at 2.

When Plaintiff failed to appear at the March 1 hearing, Judge Carole Davis found him guilty *in absentia* of all three charged offenses. An order for each offense was mailed to Plaintiff at the address on his driver's license. In December 2007, Plaintiff filed a motion to reconsider with the Justice Court. The Justice Court set the matter for hearing, and on January 2, 2008, mailed three notices to Plaintiff at a new address. The next day, Plaintiff, proceeding *pro se*, filed his Petition of Removal with this Court which Magistrate Judge James Sumner converted to a complaint.

Finally, in May 2008, Plaintiff filed a "Modified Complaint" asserting five counts against the Defendants. Counts I and II allege that Defendants failed to notify him of his hearing date and conducted the hearing without a stenographer, both purportedly in violation of his Fourteenth Amendment rights. In Count III, Plaintiff claims that Defendants were grossly negligent in failing to keep detailed records of his hearing. Plaintiff challenges his arrest under the Fourth Amendment and seeks injunctive relief based on the roadblock in Count IV. Finally, Count V seeks injunctive relief and the certification of a class of similarly situated citizens.

## II.   Analysis

### A.   Applicable Standards

Defendants Phillips, Davis, and McCarty have filed motions to dismiss or alternatively

motions for summary judgment.  Because the Court has considered evidence outside the pleadings, these motions will be analyzed under Rule 56.  Defendant Jim Hood seeks dismissal under Rule12(b)(6).  Plaintiff responded to Hood's motion and further sought judgment in his favor in his "Response to Defendants [sic] Pleadings and Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure, Rule 12(c)" (Plaintiff's Response/Motion).  Plaintiff has not, however, filed a formal response to the summary judgment motions of Phillips, Davis, and McCarty and has not presented any record evidence.  The standards under these rules are as follows.

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994)

3

(en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

Defendant Hood moves for dismissal pursuant to Rule 12(b)(6), and Plaintiff seeks a judgment on the pleadings under Rule 12(c).  The standard for deciding Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings is the same.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965 (quotation marks, citations, and footnote omitted).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1966) (internal quotation marks omitted)).

B.      Defendants' Motions

As an initial note, this federal action began with Plaintiff's attempt to remove his Justice Court proceedings.  His Petition of Removal was converted to a complaint, and his current request for injunctive relief appears to seek relief from the orders entered in his criminal proceeding.  However, Plaintiff initiated this litigation prior to the set date for the Justice Court hearing on his motion for reconsideration.  Moreover, under state law, an appeal from Justice Court would result in a *de novo* trial in county or circuit court.  *Statham v. Miller*, 988 So. 2d 407 (Miss. App. 2008).  Under these circumstances, Plaintiff has not satisfied the requirements of *Younger v. Harris*, 401 U.S. 37 (1971).  Thus, to the extent Plaintiff seeks to enjoin any aspect of his Justice Court proceeding, the Court abstains.

Next, Plaintiff's Modified Complaint seeks monetary remedies to which he is clearly not entitled.  Plaintiff originally sought $5,000,000.00 in attorney's fees, for the cost of representing himself, and $4,000,000.00 in compensatory damages.  However, attorney's fees are not available to a non-attorney *pro se* litigant.  *See McLean v. Int'l. Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990).  As for compensatory damages, paragraph 1 of Plaintiff's Response/Motion states that Plaintiff is "not seeking monetary damages, but injunctive relief."  Plaintiff's decision to waive his damage claims is well taken given that the record does not overcome the various forms of immunity pled by each Defendant.  *See Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutorial immunity); *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008) (Eleventh Amendment immunity for state officials); *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (qualified immunity for state officials); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (qualified

5

immunity for clerks of court).  Accordingly, Defendants' dispositive motions are granted with respect to all claims for monetary relief.

That leaves Plaintiff's claim for prospective injunctive relief.  In Count V of his Modified Complaint, Plaintiff invokes the legal fiction adopted in *Ex parte Young*, 209 U.S. 123 (1908). "[R]etrospective relief in the form of a money judgment in compensation for past wrongs is barred" under the Eleventh Amendment.  *Nelson*, 535 F.3d 318, 322 (5th Cir. 2008) (quotations, citation and internal punctuation omitted).  However, under *Ex parte Young*, "[t]he Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that the state officials acted in violation of federal law."  *Warnock v. Pecos*, 88 F.3d 341, 343 (5th Cir. 1996) (emphasis added) (citing *Ex parte Young*, 209 U.S. at 155-56).  This count of Plaintiff's Modified Complaint appears to be directed toward Defendant Hood, although Plaintiff suggests that Hood was not aware of the alleged deprivation and that the other Defendants should have informed Hood of their alleged illegal conduct.[1]

In this case, Michael alleges various constitutional violations related to his Justice Court proceedings, most prominently the alleged failure to provide notice and the lack of a transcript. He further claims that various related state statutes are unconstitutional.[2]  Although the different defendants have differing defenses to this claim, the Court finds that Plaintiff has generally failed to demonstrate the right to prospective injunctive relief.

---

[1]Other portions of Plaintiff's Response/Motion suggest that he does seek prospective injunctive relief from the remaining defendants under *Ex parte Young*, although they are not state officials, but the relief would be denied for the same reasons stated herein.

[2]For example, Plaintiff contends that the Mississippi Public Records Act, Mississippi Code Annotated sections 25-61-1, *et seq.*, is unconstitutional, but he fails to specifically allege how the statute offends the Constitution.

6

Starting with the notice issue, there is no proof that Defendants failed to provide notice. In fact, the unrebutted record evidence establishes that Defendant McCarty sent notice to Plaintiff on multiple occasions, all of which were sent to the address that appeared on his driver's license. Plaintiff actually attended his initial appearance, demonstrating that he received notice, and there is no dispute that he was then verbally instructed to return on his hearing date.  Thus, even if the notices were sent to the incorrect address on his driver's license, Plaintiff had actual notice.  The Court fails to see a constitutional deprivation regarding the notice practices of the Justice Court that would require prospective injunctive relief.

Likewise, the lack of a transcript fails to offend the Constitution.  Stenographic notes are not required in Justice Court.  *Jones v. State*, 972 So. 2d 579, 580 (Miss. 2008) (citing Miss.Code Ann. §§ 9-13-1 to 9-13-63 (Rev. 2002)).  However, unsuccessful parties in Justice Court have the right to a *de novo* trial on appeal.  *Statham v. Miller*, 988 So. 2d 407 (Miss. Ct. App. 2008). Plaintiff has not demonstrated that Mississippi law related to Justice Court procedure is unconstitutional, and the Court finds no basis for granting injunctive relief under *Ex parte Young*.

Finally, Plaintiff has asked the Court to certify a class action and appoint counsel for the class.  However, given the lack of a valid legal claim, the Court finds that Plaintiff fails to satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and that appointment of counsel for the class is not therefore necessary.[3]

---

[3]Plaintiff is proceeding *pro se*, and the Court has broadly interpreted his various pleadings.  In that light, the Court recognizes certain issues that are not reflected in this order. For example, Plaintiff has informed the Court that he is not subject to the laws of the United States because he is "a Sovereign, and is governed under the Treaty of Peace and Friendship, which was made by the Sultan of Morocco."  Plaintiff's Response/Motion ¶ 3.  Additionally, Plaintiff challenges the legality of the roadblock and search resulting in his arrest, but these claims are vague, do not appear to be directed to any of the named Defendants, and could be

B.      Plaintiff's Motion for Judgment on the Pleadings

Plaintiff moved the Court to enter a judgment on the pleadings under Rule 12(c).  As discussed in this opinion, however, Plaintiff's claims lack merit.  Accordingly, Plaintiff's motion for judgment on the pleadings is denied.

C.      Defendants' Motions for Sanctions

Defendants Phillips, Davis, and McCarty have also moved for sanctions pursuant to Rule 11.  The Court finds that these motions should be denied at this time.  While the Court has broad discretion to impose sanctions, the Court is of the opinion that sanctions are not necessary in the present matter.

III.    **Conclusion**

Having considered the parties' arguments and the applicable law, the Court finds that Defendant Hood's motion to dismiss [14] should be granted.  Defendants Phillips, Davis, and McCarty's summary judgment motions [38, 42, 46, 51, 53, 55] are due to be granted as well, but their motions for sanctions [40, 44, 48] are denied.  Plaintiff's motion for judgment on the pleadings is also denied [31].

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

addressed in state court.  The Court has fully considered all of Plaintiff's arguments but finds that they lack legal merit and require no further analysis.  Likewise, Defendants have presented various additional arguments for dismissal, some of which are obviously correct, but the Court declines to address them more fully.